Arthur S. Robinson & Associates
ROBINSON & ASSOCIATES
35401 Kenai Spur Highway
Soldotna, AK 99669
Telephone: (907) 262-9164
Facsimile: (907) 262-7034
Email: Office@robinsonandassociates.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

Civil Action, File No. A05-128 CV-JKS

| | |
|---|---|
| MICHAEL GRUNERT, MORI JONES, PAUL JOHNSON, ANDY SHANGIN, HARVEY KALMAKOFF, CLEMENT SHANGIN, MARVIN YAGI, JOHN JONES, FRANK GRUNERT, CLEMENS GRUNERT, ANDY STEPANOFF ALEC BRANDAL, ERNIE CARLSON, and AL ANDERSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>MCKIE CAMPBELL, Commissioner of the Fisheries, and Alaska Department of Fish & Game, in his individual capacity.<br><br>    Defendant. | **PLAINTIFFS' REPLY TO TO DEFENDANT'S OPPOSITION TO MOTION TO FILE SECOND AMENDED COMPLAINT** |

    Plaintiffs, by and through their attorney Arthur S. Robinson of the law firm of ROBINSON & ASSOCIATES, file Plaintiffs' Reply to Defendant's Opposition to their Motion to File a Second Amended Complaint as set forth below.

    Defendant McKie opposes plaintiffs' motion to amend their complaint to allege a second cause of action against Alaska Board of Fisheries members, in their individual capacities for deprivation of plaintiffs' constitutional rights secured to them

under the United States Constitution. It should be noted at the outset that defendant McKie is not a defendant in plaintiffs' second cause of action and therefore, it is questionable that he has standing to object to the motion to amend the complaint. He cannot show any "injury in fact" to him if plaintiffs' complaint is amended since plaintiffs do not make any claim for damages against him in their second cause of action.

Nonetheless, plaintiffs will address the issues raised in McKie's opposition as though he has standing to object to plaintiffs' motion to amend. Plaintiffs assert that their motion to amend should be granted.

**I   Board's actions in this case are administrative not legislative, therefore Board members do not have immunity for their conduct.**

Defendant argues that the Board of Fisheries is a legislative body and plaintiffs' proposed new claims relate to solely legislative actions of Board members which entitle them to absolute immunity against the proposed claims for damages under 42 USC § 1983. McKie contends that deliberating on and adopting a fishery management regulation pursuant to legislative delegation of authority, pursuant to the Alaska Administrative Procedures Act (APA) is "quintessentially" legislative action reflecting a policymaking decision. Defendant's argument is misplaced.

Plaintiffs' Reply to Defendant's Opposition to Motion to File Second Amended Complaint, page 2 of 14 pages

Individual legislative immunity does not apply where the decision is an application of policy to specific parties. In that instance, the act is said to be administrative as opposed to legislative. Further, defendant cites no authority for the proposition that Board of Fishery members are state, regional or local "legislators" entitled to absolute legislative immunity.

Federal law is well-settled that "legislators" are entitled to an absolute immunity from suit under 42 USC § 1983 for conduct in furtherance of their legislative duties. *Bogan v. Scott-Harris*, 523 U.S. 44, 49, 118 S. Ct. 966, 970-72 (1998); *Owen v. City of Independence*, 445 U.S. 622, 663 n.6, (1980); *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 402-06 (1979); *Tenney v. Brandhove*, 341 U.S. 367, 379 (1951). Utilizing a functional approach, however, the Court has limited the application of absolute legislative immunity to acts within the sphere of legitimate legislative activities. *Bogan*, 118 S.Ct. at 973 (city legislative council members entitled to absolute immunity in enacting ordinance eliminating employees positions); *Lake Country Estates*, 440 U.S. at 402-06 (court used functional approach to determine that a bi-state regional planning agency created by California and Nevada was entitled to absolute immunity for its adoption and enforcement

of a regional land use plan); *Tenney*, 341 U.S. at 379 (state legislators absolutely immune from liability for damages when the act "in a field where legislators traditionally have power to act").

The landmark case of *Tenney* discusses the historical antecedents of legislative immunity. Justice Frankfurter wrote that legislators

> are immune from deterrents to the uninhibited discharge of their legislative duties, not for their private indulgence but for public good. One must not expect uncommon courage even in legislators. The privilege would be of little value if they could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of a pleader, or to the hazard of the judgment against them based upon a jury's speculation as to motives.

*Tenney*, 341 U.S. at 377.

In *Bogan*, the Supreme Court made explicit what was implicit in its precedence regarding absolute immunity for federal, state and regional legislators – that local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities. In that case, the plaintiff, a former director of the city's social services department, brought a § 1983 action against the city and certain of its officials, including the city's mayor, alleging that the city's passage of a budgetary ordinance that eliminated 135 city positions, including the

director's position, violated the plaintiff's First Amendment rights. *Id.* at 969. The Court was asked to determine (1) whether local legislators were entitled to assert absolute immunity and (2) whether the conduct at issue was administrative, rather than legislative.

In addressing the first issue, the Court recognized the historical importance of absolute legislative immunity. It said:

> The principle that legislators are absolutely immune from liability for their legislative activities has long been recognized in Anglo-American law. This principle has taproots in the Parliamentary struggles of the Sixteenth and Seventeenth Centuries and was taken as a matter of course by those who severed the Colonies from the Crown and founded our nation.

*Id.* at 970.

In reviewing the policy bases for absolute immunity, such as legislators being directly accountable to the electoral process for their words and votes, the Court noted that those bases were fully applicable to local legislators.

Turning to the second issue – whether the conduct complained of was legislative versus administrative – the Court determined that the passage of the budgetary ordinance was "quintessentially" legislative and reflected a discretionary, policymaking decision implicating the budgetary priorities of

the city and the services the city provides to its constituents. *Id*. at 973.

Under the functional approach, only those persons whose actions are legislative in nature are entitled to the protection of absolute legislative immunity. *Id*. at 972. Thus, legislators are absolutely immune while passing laws, holding committee meetings or when acting in a field where legislators traditionally have power to act.

The Board of Fisheries is an administrative agency. The members of the board are not state, regional or local legislators. They are in the executive branch of state government. (See AS 39.52.010, 110, 220, 910 and 960) The Supreme Court has not addressed whether the actions of executive administrative agencies are legislative in nature. Simply because the Alaska legislature has delegated to the Board of Fisheries, pursuant to the APA, authority to make regulations for the administration of the conservation, development and utilization of state's fishery does not make the board's rule-making activity legislative. Nor is it clear that the passage of all fishery regulations is "quintessentially legislative" and reflects a discretionary, policymaking decision. Passage of fishery regulations is not budgetary.

Plaintiffs' Reply to Defendant's Opposition to Motion to File Second Amended Complaint, page 6 of 14 pages

Assuming however, that the board members are legislators entitled to absolute legislative immunity from § 1983 actions, only those persons whose acts are legislative in nature are entitled to the protection of absolute immunity. When legislators are acting with respect to a specific situation that does not amount to policymaking, they may not have legislative immunity. The mere fact that the complained of action occurred by way of a vote does not automatically mean an action is legislative. A number of federal appellate courts have recognized that "[a]lthough a local legislator may vote on an issue, [the act of voting] alone does not necessarily determine if he or she was acting in a legislative capacity. *Brown v. Griesenauer*, 970 F.2d 431, 437 (8th Cir. 1992); *Crymes v. DeKalb County Ga.*, 923 F.2d 1482, 1485 (11th Cir. 1991); *Roberson v. Mullins*, 29 F.2d 132, 134 n. 3 (4th Cir. 1994).

The United States Supreme Court has not outlined any definitive test for determining when a particular action taken by an official is considered legislative and when it is not. The Court said that whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it. *Bogan*, 118 S.Ct. at 973 (quoting *Tenney*, 341 U.S. at 377). Accordingly, it is clear from *Bogan* that an

ordinance that eliminates an employee's position, as part of an overall budgetary scheme, is legislative and will be entitled to legislative immunity. Beyond that, however, the Supreme Court declined to provide any guidance or definitive test for determining when a particular action is legislative versus administrative.

Nevertheless, the Fifth and First Circuits have adopted two tests to aid in this determination. See *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991); *Cutting v. Muzzey*, 724 F.2d 259, 261 (1st Cir. 1984). The first test focuses on the nature of the facts used to reach a given decision. Under that test, if the underlying facts on which a decision is based are "legislative facts", such as generalizations concerning a policy or state of affairs, then the decision is legislative. If, on the other hand, the facts used in decision-making are more specific, such as those that relate to particular individuals or situations, then the decision is administrative. *Hughes*, 948 F.2d at 921; *Cutting*, 724 F.2d at 261.

The second test focuses on the particular impact of the state action. Under this test, if the action involves establishment of a general policy, it is legislative. If it singles out specific individuals and affects them differently

Plaintiffs' Reply to Defendant's Opposition to Motion to File
Second Amended Complaint, page 8 of 14 pages

from others, it is administrative. *Hughes*, 948 F.2d 921; *Cutting*, 724 F.2d 261. Other federal appellate courts have adopted the same or similar tests for determining the scope of absolute legislative immunity. See e.g. *Roberson*, 29 F.3d at 135; *Brown*, 970 F.2d at 437; *Acevedo-Cordero v. Cordero-Santiago*, 958 F.2d 20, 23 (1st Cir. 1992); *Crymes*, 923 F.2d at 1485; *Ryan v. Burlington County, N.J.*, 889 F.2d 1286, 1290-91 (3d Cir. 1989); *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 580 (9th Cir. 1984), *cert. denied*, 471 U.S. 1054 (1985).

Applying the tests to the present case, facts used in decision-making are more specific, such as those that relate to particular individuals or situations and it singles out specific individuals and affects them differently from others. For these reasons the Chignik cooperative salmon fishery regulations adopted by the individual board members are administrative rather than legislative.

The facts relied upon for passage of these regulations are very specific to and only apply to the Chignik purse seine commercial salmon fishery and the particular 100 or so purse seine permit holders who participate in the fishery. They are not legislative facts. The facts used in the decision-making relate to the particular situation of reducing the costs of

fishing for the Chignik purse seine salmon permit holders and operators.

Moreover, the decision-making singles out individuals and affects them differently from others. The regulations' decisions only allow one cooperative to operate in the Chignik salmon fishery. It singles out that entity and its members for a special salmon allocation of Chignik sockeye salmon resources. In that regard, the regulations and decisions of the members of the board affects the cooperative and its members differently from other Chignik purse seine permit holders in the salmon fishery, who hold identical permits and licenses as those members of the cooperative.

Under the tests, the decision-making in this case is administrative and not legislative. Thus, the individual members of the board are not entitled to absolute legislative immunity and are subject to liability under plaintiffs § 1983 action.

> **II   The named individuals are sued in their individual capacities and therefore, are persons subject to § 1983.**

Defendant argues that the named board members are being sued in their official capacity and therefore, they are not persons under § 1983 and may not be sued. This argument is without merit.

Plaintiffs' Reply to Defendant's Opposition to Motion to File Second Amended Complaint, page 10 of 14 pages

Plaintiffs bring their action against the board members, not in their official capacities, but rather as individuals in their individual capacities who while acting under color of state law deprived plaintiffs of the constitutional rights guaranteed them under the United States Constitution. Government officials may be sued in their *individual* capacity. Such a suit does not represent a suit against the government entity for which he is associated. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Plaintiffs implore the court to allow them, if necessary, to amend their complaint under Fed Rule 15(a) to state with specificity in the pleading that the individual board members named in the suit are being sued as individuals, in their individual capacities. Justice requires such. If the proposed amendment does not make clear in the caption that the defendants in plaintiffs' second cause of action are being sued in their individual capacities it was a mere inadvertent oversight. The action can be amended easily to reflect plaintiffs' intent to sue these defendants in their individual capacities.

### III. Plaintiffs claims are not barred by the Eleventh Amendment.

Defendant argues that claims for damages under 42 USC § 1983 are barred by the Eleventh Amendment in a case brought

against a state. Defendant apparently asserts that plaintiffs' claim against the individual board members is a suit against the state for declaratory relief. This is not the case. Plaintiffs' proposed second cause of action is against the individual defendants in their individual capacities for damages under § 1983 for deprivation of plaintiffs' constitutional rights they have under the federal constitution.

The fact that none of the defendants in plaintiffs' second cause of action are involved in implementation or enforcement is not relevant or dispositive for this cause of action. The decision-making in this case was administrative not legislative, therefore, the individuals do not have immunity from suit. Plaintiffs' proposed second cause of action is not against the state of Alaska, but rather against the individual members of the board in their individual capacities.

**IV. Plaintiffs Might Not Have A § 1985 Claim.**

Because plaintiffs do not claim racial or otherwise class-based invidiously discriminatory animus behind the conspirator's action, they may not have a claim for damages under § 1985.

**CONCLUSION**

Plaintiffs' Reply to Defendant's Opposition to Motion to File
Second Amended Complaint, page 12 of 14 pages

For the reasons set forth in plaintiffs' reply to McKie's opposition to plaintiffs' motion to amend their complaint, the complaint to the extent it alleges a claim in plaintiffs' proposed second cause of action against individual members of the Alaska Board of Fisheries in their individual capacities for deprivation of plaintiffs' constitutional rights in violation of 42 USC § 1983, the court should in the interest of justice allow plaintiffs' to amend their complaint.

Dated this 17th day of January, 2006.

    Respectfully submitted
    ROBINSON & ASSOCIATES

By:  s/ARTHUR S. ROBINSON
     Attorney for Plaintiffs
     3501 Kenai Spur Highway
     Soldotna, AK 99669
     Tel: (907) 262-9164
     Fax: (907) 262-7034
     Email: Office@robinsonandassociates.net
     ABA 0574026

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of January 2006, a true and correct copy of the foregoing Plaintiffs' Reply to Defendant's Opposition to Motion to Amend Complaint was served electronically on
Lance B. Nelson, Assistant Attorney General
and Steven A. Daugherty, Assistant Attorney General,
Co-counsel for defendants

By: s/Arthur S. Robinson

Plaintiffs' Reply to Defendant's Opposition to Motion to File Second Amended Complaint, page 13 of 14 pages