DAVID M. MÁRQUEZ
ATTORNEY GENERAL

Lance B. Nelson
Steven A. Daugherty
Assistant Attorneys General
Office of the Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 269-5232
Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| MICHAEL GRUNERT, MORI JONES, PAUL JOHNSON, ANDY SHANGIN, HARVEY KALMAKOFF, CLEMENT SHANGIN, MARVIN YAGI, JOHN JONES, FRANK GRUNERT, CLEMENS GRUNERT, ANDY STEPANOFF, ALEC BRANDAL, ERIC CARLSON, and AL ANDERSON, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. A05-128 CV (TMB) |
| v. | ) ) ) | **SUR-REPLY TO REPLY TO** |
| MCKIE CAMPBELL, Commissioner of the Alaska Department of Fish and Game, in his individual capacity, | ) ) ) ) | **OPPOSITION TO MOTION TO FILE SECOND AMENDED COMPLAINT** |
| Defendant. | ) ) | |

I.     **Introduction.**

Plaintiffs' motion to file second amended complaint should be

denied because the proposed named defendants have absolute legislative

immunity and would be necessarily sued in their official, not individual

capacities, which is not allowed under 42 U.S.C. § 1983.  Plaintiffs' claims are

also barred by the Eleventh Amendment.

## II.    Board Members Have Absolute Legislative Immunity Because Their Votes Were Legislative, Not Administrative Actions.

Plaintiffs' motion to file second amended complaint should be

denied because the proposed defendants have absolute legislative immunity

because their liability would rest only on their votes to enact laws.

The Board only has legislative authority to adopt regulations.  The

Alaska Legislature carefully defines the powers of the Alaska Board of Fisheries

and the Alaska Board of Game as legislative rather than administrative[1]:

> **Sec. 16.05.241. Powers excluded.**  The boards have
> regulation-making powers as set out in this chapter, but do
> not have <u>administrative</u>, budgeting, or fiscal powers.[2]

This focused authorization is very logical in light of the general constitutional

and statutory scheme for natural resource management in Alaska.

The Alaska Constitution grants resource management authority to

---

[1] The only area in which the Board of Fisheries might be construed to have some function other than strictly rule-making is in the area of permits for uses within state fish and game critical habitat areas under AS 16.20.530, where the Board is authorized to instruct the commissioner of the department of fish and game to require submission certain information from would-be users and require written approval of the commissioner before any construction begins.  The Board has fulfilled that responsibility by adopting, in conjunction with the Board of Game and the commissioner, 5 AAC 95.400 -- .440, which are regulations that effectively delegate applicable board authority to the commissioner under the standards in the adopted regulations.  So to the extent the Board of Fisheries has any administrative or adjudicative authority under AS 16.10.530, that has been delegated to the commissioner, and, in any event, has no applicability to the present case or plaintiffs' possible claims against board members.

[2] AS 16.05.241 (emphasis added).

the Alaska Legislature, rather than the executive branch:

> Section 2.  The legislature shall provide for the utilization,
> development, and conservation of all natural resources
> belonging to the State, including land and waters, for the
> maximum benefit of its people.[3]

The legislature has, rather than enacting detailed statutes to govern the utilization, development, and conservation of the state's fishery resources, instead created the Board of Fisheries and has, by statute, delegated most of its law-making authority over fishery resources to the Board:

> For purposes of the conservation and development of the
> fishery resources of the state, there is created the Board of
> Fisheries composed of seven members appointed by the
> governor, subject to confirmation by a majority of the
> members of the legislature in joint session.[4]

Most of the Board's specific rule-making powers are outlined in AS 16.05.251, including the broad authority to "adopt regulations in considers advisable … regulating commercial, sport, guided sport, subsistence, and personal use fishing as needed for the conservation, development, and utilization of fisheries."[5]

As noted by the U.S. Supreme Court, "[a]bsolute legislative immunity attaches to all actions taken in 'the sphere of legitimate legislative activity.'"[6]  "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."[7]  The only actions by

---

[3]  Section 2, article VIII, Alaska Constitution.
[4]  AS 16.05.221(a).
[5]  AS 16.05.251(a)(12).  *See also, e.g.,* AS 16.10.125; AS 16.10.165.
[6]  *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 118 S.Ct. 966, 972 (1998).
[7]  *Id.* at 523 U.S. at 55, 118 S.Ct. at 973.

the proposed named defendants that could be in any way construed to have an
effect on plaintiffs' fishing interests were purely legislative: voting for the
adoption of regulations authorizing cooperative fishing. The act of voting for a
regulation is, in form, quintessentially legislative.[8]

When executive branch officials promulgate regulations, they are
entitled to absolute legislative immunity. In *Redwood Village Partnership v.
Graham*, the 8th Circuit ruled that North Dakota Department of Human Services
officials involved in promulgating regulations were absolutely immune from suit
under § 1983.[9] In *Jayvee Brand, Inc. v. United States*, the D.C. Circuit held that
"it is clear that when an agency exercises quasi-legislative regulatory authority,
action for money damages against agency members will not lie."[10]

Plaintiffs cite three federal circuit court decisions for the
proposition that the act of voting alone does not necessarily determine if a
legislator is acting in a legislative capacity: *Brown v. Griesenauer*, 970 F.2d
431, 437 (8th Cir. 1992); *Crymes v. DeKalb County Ga.*, 923 F.2d 1482, 1485
(11th Cir. 1991); and *Roberson v. Mullins*, 29 F.3d 132, 134 n.3 (4th Cir. 1994).[11]
None of these cases support plaintiffs' arguments; all support defendant's
position. In none of the cases, were the legislators voting to enact a law or
regulation, as in the present case, but all recognize absolute immunity for votes

---

[8] *Id.* at 523 U.S. at 55, 118 S.Ct. at 973.
[9] 26 F.3d 839, 841 (8th Cir. 1994).
[10] 721 F.2d 385, 395 (D.C. Cir. 1983).
[11] Plaintiffs' Reply at 7.

to enact laws.

In *Brown v. Griesenauer*, the 8th Circuit held that a vote by a member of a board of city aldermen to impeach the mayor did not amount to a "legislative act" qualifying for absolute legislative immunity, but ruled that it did qualify for absolute "adjudicatory immunity."[12]  In its reasoning, the court noted that "voting to impeach the mayor is not a 'classic' legislative function such as enacting ordinances."[13]  This recognition of voting to enact a law as a "classic" legislative function clearly supports the absolute immunity of Board of Fisheries members in this case.

Again, in *Crymes v. DeKalb County Ga.*, the 11th Circuit was reviewing a vote by county commissioners on whether to approve the application of an individual landfill site owner to use truck traffic routes and entrances, not a vote to enact a law.[14]  Under the standards announced in that case, it would appear that the Board's votes here would have been deemed legislative, since the court ruled that a nearly contemporaneous vote to amend the county code to remove a road from a list of truck routes was legislative in nature.[15]

Likewise, in *Roberson v. Mullins*, the Fourth Circuit reviewed a vote by a county board of supervisors to terminate a county public works

---

[12] 970 F.2d at 437-38.
[13] *Id.* at 437.
[14] 623 F.2d at 1485-86.
[15] *Id.* at 1485.

superintendent, not a vote to enact a law.[16]  The court ruled that the termination

vote was not legislative, and that "a local government body only acts in a

legislative capacity when it engages in the process of 'adopt[ing] prospective,

legislative-type rules,'"[17] which is exactly what the members of the Board of

Fisheries did in this case.

All of the cases cited by plaintiffs are clearly distinguishable by the

fact that the defendants in those cases had not voted to adopt laws or regulations.

All of them recognized that votes to adopt laws were protected by absolute

immunity.

In the cases cited by plaintiffs, only non-lawmaking situations

required a further analysis of (1) whether the act involves policy-making or mere

administrative application of existing policies or (2) whether the decision impacts

specific individuals, rather than the general populations.[18]  But even if those

standards applied, votes to adopt commercial salmon fishing regulations for the

Chignik area clearly qualify as legislative acts.

There was no statute establishing guidelines for cooperative

fisheries that the Board followed in adopting the Chignik regulations at issue in

this case.   In adopting regulations, the Board of Fisheries made policy, it did not

merely apply existing policies.  The Board is a policy-making body, functioning

---

[16] 29 F.3d at 133.
[17] Id. at 135.
[18] *See, e.g., Crymes,* 923 F.2d at 1485.

in exactly the same way as the state legislature or any other legislative body.  As noted by the Alaska Supreme Court,

> The Board must balance economic, ecological, cultural, international, and other policy concerns when it makes decisions about Alaska's fisheries.  It must accommodate all of these legitimate interests in the face of substantial scientific uncertainty.  Moreover, it is the Board's role to reach this accommodation.[19]

The Board's role is one of policy-making, not just applying facts to the law.  The votes of its members should thus be considered legislative and not merely administrative.

A review of the regulations adopted by the Board will show that they are laws of general applicability, not administrative adjudications of individual rights.  The regulations applied to all those who fished in the Chignik area.[20]  The Board did not direct its regulations at particular individuals.  The Board does not decide who receives limited entry permits to fish in Chignik, that was already decided by another agency, the Commercial Fisheries Entry Commission, which has the authority to decide the number of permits that will be issued for a fishery and to adjudicate permit applications to decide which individuals are eligible to receive a permit under the standards of the Limited Entry Act and its regulations.[21]

The cooperative fishing regulations did not single out any

---

[19] *Native Village of Elim v. State*, 990 P.2d 1, 8 (Alaska 1999)
[20] *See e.g.* Former 5 AAC 15.359(b) (effective 2002-2005)
[21] See AS 16.43.100(a); 20 AAC 05.310(6); 20 AAC 05.310(a)(6).

particular individual and affect them differently from others.  All of the versions of the regulation guaranteed allowed participation by any permit holder who elected to participate in the cooperative fishery.[22]  No person was treated differently, no individual was singled out and no individual rights were adjudicated.  No fisherman could have initiated an administrative appeal from the regulations.  In fact, all of the plaintiffs' claims against the regulations, whether in state or federal court, have been declaratory judgment actions brought pursuant to AS 44.62.300, which is the only legal remedy provided in state law, and not administrative appeals.

The Chignik regulations were based on the same kinds of concerns that the Board uses to address commercial fisheries around the state.  While each area may present some unique legislative facts, the regulatory actions challenged in this case are, in form and essence, no different from any other commercial fisheries regulation adopted by the Board.  There is nothing about the Chignik regulations that make them administrative rather than legislative in nature.  Legislation "looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power."[23]  That is exactly what the challenged regulations did in this case.

Plaintiffs fail to cite a single case to support their arguments that a vote to adopt a regulation is not protected by absolute legislative immunity.

---

[22] *See e.g.*, Former 5AAC 15.359(b)(3)-(4).
[23] Prentis v. Atlantic Coast Line Co., 211 U.S. 210 226 (1909).

Their motion to amend their complaint should be denied because, on its face, their claim is without merit.

**III.     The Board Members May Not Be Sued In Their Official Capacities; In Their Individual Capacities They Had No Ability to Affect Plaintiffs' Interests.**

The plaintiffs' motion to file second amended complaint must also be denied because the proposed defendants are being sued in their official capacity for the claims brought by plaintiffs.  That is not permitted under 42 U.S.C. § 1983.[24]

Plaintiffs claim in their reply that the second amended complaint sues proposed defendants in their individual, and not official capacities.[25]  This is surprising, given the previous statements in their motion to file second amended complaint and the proposed second amended complaint itself.  In their motion to amend, plaintiffs state at page 2:

> Each and all acts committed by the defendants, were done by defendants, and each of them, not as individuals, but under the color and pretense of law of the State of Alaska and under the authority of their office as members of the Alaska Board of Fisheries.

(Emphasis added). And in their proposed second amended complaint, they specifically state that "[d]efendants … are now and at all times relevant and material to this action were … duly appointed, employed, and acting as state officials of the State of Alaska Board of Fisheries acting under color of state

---

[24] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).
[25] Plaintiff's Reply at 10-11.

law.[26]  This statement is reiterated several times.[27]  For example, in paragraph 40 of the proposed second complaint, they state:  "At all times relevant and material herein, each and all acts committed by the defendants, … and each of them, not as individuals, but under the color and pretense of law of the State of Alaska and under the authority of their office as members of the Alaska Board of Fisheries."

Now plaintiffs are insisting that, in fact, the proposed defendants are being sued in their individual capacities.  This makes no sense, especially because, in their individual capacities, the individual board members had no ability to impact plaintiffs' fishing activities at all.  Only a majority of the full board has the power to adopt regulations that impact plaintiffs' fishing interests.[28]  There is nothing proposed defendants could have done in their individual capacities to carry out the acts complained of by plaintiffs in their proposed second cause of action.

The motion to file second amended complaint should be denied because proposed defendants may not be sued under 42 U.S.C. § 1983 in their official capacities, and plaintiffs would be unable to state a valid claim against proposed defendants in their individual capacities.

## IV.    Plaintiffs' Proposed Second Cause of Action is Barred by the Eleventh Amendment.

Even if the proposed defendants were not immune from suit

---

[26]  Proposed Second Amended Complaint at paragraph 35.
[27]  *Id.* at paragraphs 40 and 43.
[28]  AS 16.05.320.

Sur-reply to Reply to Opposition to Motion to File Second Amended Complaint
*GRUNERT V. STATE,* A-05-128 CIV (TMB)                                        Page 10 of 12

because of absolute legislative immunity, plaintiffs' proposed second cause of action would be barred by the Eleventh Amendment. The second cause of action is for money damages, not prospective injunctive relief.[29] There is no possibility that the claim could be converted to one of injunctive relief because the Alaska Supreme Court has ruled the Chignik cooperative fishery regulations invalid,[30] and the Board of Fisheries has repealed the last regulation.[31]

In the case of Board members, their appointments only give them power to act jointly as a unit.[32] They have no power as a state official to act in a personal capacity as might be the case with police officers or others that have been successfully sued under 42 U.S.C. § 1983 in federal court.[33] Thus, the only true defendant in plaintiffs' proposed second cause of action is the Board of Fisheries itself, a state agency that is immune from suit for money damages or other retrospective relief under the Eleventh Amendment.[34]

**V.    Conclusion.**

Plaintiffs' motion to file second amended complaint should be denied. Granting the complaint would serve no purpose other than wasting the

---

[29]  Proposed Second Amended Complaint at 22-23.
[30]  *State v. Grunert*, ___ P.3d ____, Slip Opinion No. 6006, 2006 WL 1045490 (Alaska April 21, 2006).
[31]  5 AAC 15.362, the last version of the Chignik cooperative fishery regulation was repealed by the Board of Fisheries at it March 2006 meeting. The repeal was filed with the Lieutenant Governor on April 24, 2006, and will become effective 30 days later. AS 44.62.180. *See* Exhibit A attached.
[32]  AS 16.05.320.
[33]  *See, e.g., Kentucky v. Graham*, 473 U.S. 159 (1985).
[34]  See *Idaho v. Coer d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997).

Sur-reply to Reply to Opposition to Motion to File Second Amended Complaint
*GRUNERT V. STATE,* A-05-128 CIV (TMB)                                    Page 11 of 12

court's and the parties' time and resources.

Dated this 15th day of May, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:     s/Lance B. Nelson
        Assistant Attorney General
        Alaska Bar No: 8310139
        E-mail: lance_nelson@law.state.ak.us

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:     s/Steven A. Daugherty
        Assistant Attorney General
        Alaska Bar No: 9406032
        E-mail: steven_daugherty@law.state.ak.us

        Office of the Attorney General
        1031 W. 4th Avenue, Suite 200
        Anchorage, Alaska  99501
        Phone:  (907) 269-5100
        Fax: (907) 279-2834
        Attorneys for the State of Alaska

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing document was served by:

Electronic mail                          Regular mail:

Arthur S. Robinson                       Gregory F. Cook
Robinson & Associates                    Law Office
35401 Kenai Spur Hwy                     P.O. Box 240618
Soldotna, Alaska 99669                   Douglas, AK  99824
Fax:  907-262-7034                       Fax:  907-463-5848