DAVID M. MÁRQUEZ
ATTORNEY GENERAL

Lance B. Nelson
Steven A. Daugherty
Assistant Attorneys General
Office of the Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska  99501
Phone:  269-5232
Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL GRUNERT, MORI JONES, PAUL JOHNSON, ANDY SHANGIN, HARVEY KALMAKOFF, CLEMENT SHANGIN, MARVIN YAGI, JOHN JONES, FRANK GRUNERT, CLEMENS GRUNERT, ANDY STEPANOFF, ALEC BRANDAL, ERIC CARLSON, and AL ANDERSON, <br><br>           Plaintiffs, <br><br>     v. <br><br> MCKIE CAMPBELL, Commissioner of the Alaska Department of Fish and Game, in his individual capacity, <br><br>           Defendant. | Case No.  A05-128 CV (TMB) <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** <br> (Civil Rule 12(b)(6)) |

### I.     INTRODUCTION.

Plaintiffs' Amended Complaint should be dismissed as moot because the emergency regulation it seeks to invalidate has expired and has been clearly invalidated by the Alaska Supreme Court for lack of statutory authority in *State v. Grunert* (*Grunert*

*II*).[1]  A later permanent regulation that was adopted contingent on a favorable decision by the Alaska Supreme Court has now also been formally repealed.  Since there is no possibility that a similar regulation will be adopted under current state law, the issues in this case do not qualify for any exception to the mootness doctrine.  The complaint should be dismissed under Civil Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.

## II.    BACKGROUND.

Plaintiffs' complaint seeks to invalidate and enjoin, for constitutional reasons, the implementation of, emergency regulation 5 AAC 15.358, adopted by the Board of Fisheries on May 4, 2005.[2]  5 AAC 15.358 was adopted shortly after the Alaska Supreme Court's decision in *Grunert v. State* (*Grunert I*)[3] invalidating the original 2002 Chignik cooperative fishery regulation.  The emergency regulation provided for a cooperative commercial salmon fishery in Chignik for the 2005 season only, with a requirement of active participation by cooperative members.[4]   The emergency

---

[1]    *State v. Grunert*, ___ P.3d ____, Slip Opinion No. 6006 at 7-8, 2006 WL 1045490 (Alaska April 21, 2006) ("*Grunert II*").  A copy may be found at this website: http://www.state.ak.us/courts/ops/sp-6006.pdf.

[2]    Amended Complaint at 11, ¶ 22 and p. 15;  Plaintiffs' Proposed Second Amended Complaint, leave for filing of which has not been granted by this court, lists as its First Cause of Action, the sole cause of action currently found in the Amended Complaint.

[3]    *Grunert v. State*, 109 P.3d 924 (Alaska 2005) ("*Grunert I*").

[4]    Exhibit 1 to Amended Complaint at 3-8.

regulation took effect on May 6, 2005, and expired 120 days later on September 2, 2005 pursuant to AS 44.62.260(a).[5]

The emergency regulation was challenged in state superior court by most of the plaintiffs in this action. The superior court ruled the emergency regulation invalid, but the state moved for, and the Alaska Supreme Court issued, a stay of the superior court decision for the duration of the 2005 Chignik salmon season.[6] When it issued the stay, the Alaska Supreme Court stated it would consider an appeal on an expedited basis.[7] The state filed an appeal and requested that a decision be issued no later than February 28, 2006.[8]

On November 16, 2005, the Board of Fisheries considered and adopted a new "permanent"[9] regulation, 5 AAC 15.362, which contained cooperative fishery provisions very similar, but not identical, to the emergency regulation.[10] Before the Board voted to adopt the regulation, the Board stated its intent on the record that implementation of the regulation would be contingent on a decision from the Supreme Court upholding the validity of the substance of the emergency regulation, 5 AAC

---

[5] Exhibit 1 to Amended Complaint at 1, 3.
[6] *Grunert II*, Slip Opinion at 7-8.
[7] Exhibit 1 to Amended Complaint at 8.
[8] Appellant's Brief in *Grunert II* appeal at 44.
[9] The term "permanent" connotes a regulation that will remain in force until repealed or amended, as opposed to an emergency regulation that will expire by law. *See* AS 44.62.260(a).
[10] A copy of the regulation is attached as Exhibit A to this memorandum.

15.358, in the appeal of *State v. Grunert*, and that an adverse decision would prevent implementation of the regulation.[11]

On February 9, 2006, the Alaska Supreme Court issued a preliminary order in the *State v. Grunert* appeal declaring the emergency regulation invalid for lack of statutory authority.[12] Based on this adverse court ruling, at its meeting in March 2006, the Board of Fisheries voted to repeal 5 AAC 15.362 in accordance with its stated intent when it adopted the regulation. The repeal became formally effective on May 26, 2006.[13] Meanwhile, on April 21, 2006, the Alaska Supreme Court issued its formal opinion stating that the emergency regulation was invalid for a lack of statutory authority.[14] In particular, the court held the regulation invalid because it was fundamentally at odds with the State's Limited Entry Act in that it "allowed permit holders in the cooperative to benefit economically from the work of others," and interfered "with the [Commercial Fisheries Entry Commission's] ability to determine the optimum number of permits per fishery."[15] The court also held that the regulation impermissibly allocated fish within a single fishery.[16] The last sentence of the majority opinion reads: "The Board of Fisheries

---

[11] *Grunert II*, Slip Op. at 9.
[12] *See Grunert II*, Appendix B.
[13] Exhibit B.
[14] *Grunert II*, Slip Op. at 13-27. The court chose to rule on the validity of the expired emergency regulation under the public interest exception to the mootness doctrine. *Id*. at 11-13. The court was fully aware, however, that a new permanent regulation had been adopted by the Board and would be implemented if the court upheld the validity of the expired emergency regulation. *Id*. at 9.
[15] *Grunert II*, Slip Op. at 13-17.
[16] *Id*. at 18-25.

must obtain legislative approval before adopting another cooperative scheme in the Chignik purse seine salmon fishery."[17]

The 2006 Alaska Legislative Session expired without even the introduction, much less passage, of any bill authorizing the Board of Fisheries to adopt a cooperative fishery regulation.

### III.   ARGUMENT.

Plaintiffs' claims that the expired emergency regulation was unconstitutional are moot. As of May 26, 2006, there is officially no longer any Chignik cooperative fishery regulation in existence. The Alaska Supreme Court's two decisions on the cooperative fishery issue definitively preclude the adoption of another similar regulation under current state law. A favorable judicial decision would not redress any actual or threatened injury traceable to defendant, and further consideration of the constitutional issues by this court would be a waste of resources for this court and the parties. Neither of the two federal exceptions to the mootness doctrine, "capable of repetition, yet evading review" or "voluntary cessation," can be applied to the facts of this case. Nor is there any general public interest exception to mootness in federal court. The complaint should be dismissed as moot under Civil Rule 12(b)(6).

//

//

---

[17]   *Id*. at 29.

### A. Plaintiffs' claims are moot.

Under Article III of the Constitution, federal courts may only adjudicate actual, ongoing controversies.[18] The fact that a dispute between the parties was very much alive when the suit was filed, or later, cannot substitute for the actual case or controversy required for court jurisdiction.[19] "[M]ootness, however, it may come about, simply deprives [the court] of [its] power to act; there is nothing for [the court] to remedy, even if it were disposed to do so,' and courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."[20] The question of the validity of the 2005 emergency regulation is no longer an actual case or controversy. The ruling of invalidity by the Alaska Supreme Court was definitive, and the regulation has no continuing effect. This court, therefore, has no jurisdiction over the moot claims raised by plaintiffs, and the amended complaint should be accordingly dismissed.

### B. This case does not qualify for the "capable of repetition, yet evading review" exception to the mootness doctrine.

Plaintiffs' claims in the Amended complaint do not fall within the "capable-of-repetition-yet-evading-review" exception to the mootness doctrine. This exception "applies only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in duration too short to be

---

[18] *Honig v. Doe*, 484 U.S. 305, 317 (1988) *citing Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976); *Preiser v. Newkirk*, 422 U.S. 395, 4 01 (1975).
[19] *Id.*
[20] *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again."[21] The plaintiffs' claims meet neither of these standards.

The action that the plaintiffs would challenge, should the Board adopt another Chignik cooperative fishery regulation at sometime in the future, would not be of so short a duration that a full legal challenge would be prevented. Even assuming that, at some time in the future, the legislature does adopt statutory changes authorizing the Board to adopt a cooperative fishery regulation, and the board does so, there is no reason to believe that any such regulation's duration would be too short to be fully litigated prior to its cessation or expiration. The original Chignik co-op regulation was in effect for three years, during the 2002, 2003, and 2004 seasons, and its validity was fully litigated, culminating in the *Grunert I* decision. The 2005 emergency regulation was not adopted to avoid review; its emergency status, and consequent limited duration, was deemed necessary to be implemented quickly. And the Board followed up the emergency regulation with a permanent regulation. There is no reason to believe that the Board would not adopt a permanent cooperative fishery regulation of a duration that would allow for all issues to be fully litigated if it ever received legislative authority to go forward.

There is no reasonable expectation that the plaintiffs will be subject to the same regulatory action again. For the foreseeable future, a cooperative fishery regulation

---

[21]  *Id.* at 17.

in Chignik is not capable of repetition because the Alaska Supreme Court has definitively ruled that the Board of Fisheries has no statutory authority to adopt such a regulation. Any possible room for regulatory maneuvering after the *Grunert I* opinion has been eliminated by the *Grunert II* decision. Plaintiffs will not be subject to any similar action again.

It is unlikely that legislative changes will be forthcoming in the near future. Cooperative members and proponents had the end of last year's legislative session and most of this year's session to seek legislative relief, and found no legislator even willing to introduce, much less push through to passage, a bill that would change the Board's authority.

    C.    **This case does not qualify for the "voluntary cessation" exception to the mootness doctrine.**

Plaintiffs' claims cannot survive dismissal as moot under the line of U.S. Supreme Court cases standing for the proposition that the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot."[22] In this case, the mootness of the validity of the Board's regulation does not depend at all upon a voluntary expiration or repeal of the emergency regulation, but instead upon an Alaska Supreme Court ruling that eliminated any possibility of a continuance of any form of the regulation.

---

    22    *Defunis v. Odegaard*, 416 U.S. 312, 318 (1974); *Hickman v. State of Missouri*, 144 F.3d 1141, 1143-44 (8th Cir. 1998); U*nited States v. Mercy Health Serv.*, 107 F.3d 632, 636 (8th Cir. 1997).

The voluntary cessation doctrine is also inapplicable because "resumption of the challenged conduct does not depend solely on the defendants' capricious actions."[23] The Alaska Legislature would have to enact legislative changes to give the Board authority to adopt cooperative fishery regulations before the Board could take any action that would trigger plaintiffs' claims; plaintiffs are not subject to a whim of the Board to readopt a regulation.

### D. There is no general public interest exception to mootness in federal courts.

Unlike some states' laws, including Alaska's,[24] there is no general public interest exception to mootness in federal court:

> [T]here is no such exception in federal courts. "[A]lthough state law may save [a] case from mootness based on public interest, federal courts require litigants' rights be affected."[25]

Plaintiffs have no basis to argue that the general importance of their issues to the public interest prevents application of the mootness doctrine.

//

//

---

[23] *Hickman*, 144 F.3d at 1144.
[24] *See Grunert I*, 109 P.3d at 931, *citing Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1168 (Alaska 2002) and *Peninsula Mktg. Ass'n v. State*, 817 P.2d 917, 920 (Alaska 1991).
[25] *Hickman*, 144 F.3d at 1144, *citing Spencer v. Kemna*, 91 F.3d 1114, 1118 (8th Cir. 1996); *DeFunis*, 416 U.S. at 316.

## IV.     CONCLUSION

Plaintiffs' claims are moot, presenting no case or controversy under Article III, § 2 of the Constitution.  They fit no exception to the mootness doctrine.  Defendant respectfully request that plaintiffs' amended complaint be dismissed.

RESPECTFULLY SUBMITTED this 16th day of June, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL


By:     s/Lance B. Nelson
        Lance B. Nelson
        Assistant Attorney General
        Alaska Bar No. 8310139
        email:  lance_nelson@law.state.ak.us


DAVID W. MÁRQUEZ
ATTORNEY GENERAL


By:     s/Steven A. Daugherty
        Steven A. Daugherty
        Assistant Attorney General
        Alaska Bar No. 9406032

        Assistant Attorneys General
        Office of the Attorney General
        1031 W. 4th Avenue, Suite 200
        Anchorage, Alaska  99501
        Phone:  269-5232
        Fax:  279-2834
        email:  steven_daugherty@law.state.ak.us

        Attorneys for the State of Alaska

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2006, a copy of the foregoing **Memorandum in Support of Motion to Dismiss Amended Complaint** (Civil Rule 12(b)(6)) was served electronically on

>Arthur S. Robinson
>Robinson & Associates
>35401 Kenai Spur Hwy
>Soldotna, Alaska 99669
>Fax:  907-262-7034

s/Lance B. Nelson
Lance B. Nelson