IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

MICHAEL GRUNERT, et. al.          )
                                  )
            Plaintiffs,           ) Case No. 3:05-cv-128 TMB
                                  )
vs.                               )
                                  ) MOTION TO RECONSIDER
MCKIE CAMPBELL, Commissioner of the)
Fisheries, and Alaska Department  )
of Fish & Game, in his individual )
capacity                          )
                                  )
            Defendant.            )
_____  )

Pursuant to Local Rule 59.1 and Fed. R. Civ. P. 6, plaintiffs respectfully request that the court reconsider its Order dated June 19, 2006, denying plaintiffs' motion to file their Second Amended Complaint. In reaching its decision the Court overlooked or misconceived material facts and propositions of law regarding legislative immunity. Plaintiffs request the Court to reconsider its order and grant plaintiffs' motion to file their Second Amended Complaint.

    A.   Members of Board of Fisheries are not entitled to
         legislative immunity because they were acting outside
         scope and in excess of their power and authority.

In reaching it's conclusion that the members of the Board of Fisheries, as legislators, are absolutely immune from suit under § 1983 for the enactment of the cooperative fishery regulations, the District Court overlooked or misconceived materials facts and propositions of law.

Motion to Reconsider, page 1

Reduced to its legal essentials, plaintiffs' second amended complaint shows these facts. From 2002 through 2005, in response to declining salmon prices in the Chignik commercial salmon fishery, the Alaska Board of Fisheries (board) promulgated regulations authorizing the majority of Chignik salmon purse seine Commercial Fishing Entry Commission (CFEC) salmon purse seine permit holders to apply for a special single cooperative fishing permit to fish as a cooperative.[1] After more than the minimum number of permit holders applied to participate as a cooperative, the board authorized issuance of a single cooperative fishery permit to the cooperative, Chignik Seafood Producers Alliance (Alliance) and allocated to the cooperative a percentage of the "harvestable surplus" of Chignik sockeye salmon based on the number of permit holders participating in the cooperative.[2] The cooperative had goals of decreasing overhead expenses and improving the fish quality by controlled harvesting.[3] The District Court overlooked or misconceived a material fact that the board's cooperative fishery regulatory scheme is ultra vires. This is material and significant because it is well settled federal law that legislators have immunity

---

[1] . *Grunert v. State* (*Grunert I*), 109 P.3d 924, 926-28 (Alaska 2005), *Grunert v. State*, (*Grunert II*), ___ P.3d. ___, Slip Opinion No. 6006, 2006 WL 1045490 (Alaska April 21, 2006).

[2] . *Grunert I*, at  109 P.3d 927.

[3] . Former 5 AAC 15.359(g)(1) (2002)

from individual civil liability only when the defendant
legislators were "acting within the sphere of legitimate
legislative activity." Tenney v. Brandhove, 341 U.S. 367, 376-
78(1951). Courts will not hesitate to sustain the rights of
private individuals when it finds that legislators were acting
outside their legislative role. Kilbourn v. Thompson, 103 U.S.
168, 26 L.Ed 377. The Alaska Supreme Court has twice ruled that
the board does not have power or authority to promulgate any
cooperative salmon fisheries regulatory scheme. Finding the
cooperative fishery scheme "fundamentally at odds with the
Alaska Limited Entry Act" the Court held:

> "The co-op regulation...transforms the limited
> entry permit from what used to be a personal gear
> license into a mere ownership share in a cooperative
> organization...Before this regulatory scheme
> accomplishes such radical departure from the
> historical model of limited entry fisheries in Alaska
> and the sprit of the Limited Entry Act...we conclude
> that the legislature must first authorize the board to
> approve cooperative salmon fisheries.4

The Alaska Supreme Court also held the board does not have
statutory authority to allocate fish within a single fishery. It
found that the Chignik commercial salmon purse seine fishery was
a single fishery, and therefore, the cooperative fishery
regulatory scheme was a means employed outside and beyond the
board's authorized powers to allocate fish within a single

---

4 . *Grunert v. State*, 109 P.3d 924, 936 (Alaska 2005)(Grunert
*I*); *Grunert v. State*, _____ P.3d _____, Slip Opinion No. 6006, p.
15 WL 1045490. (April 21, 2006)(*Grunert II*)

fishery.5 Additionally, the State Supreme Court held that the issuance of the special cooperative fishery permit to the cooperative was beyond the board's statutory authority.6

Administrative agencies, like the board (See AS 16.05.221(a) and 251(a)), are creatures of statute, deriving from the legislature the authority for any exercise of power they claim.7 Here the board did not have statutory power or authority from the Alaska legislature to promulgate the cooperative fishery regulations. The actions of the members of the board were ultra vires. Defendants in this case are not immune from civil liability under § 1983 because in promulgating the cooperative fishery regulations their actions were not taken in the sphere of "legitimate" legislative activity. They were acting beyond the scope and in excess of their statutory power and authority. The District Court's agreement with defendant's assertion that "[t]he regulatory actions challenged in this case are, in form and essence, no different from any other commercial fisheries regulation adopted by the board" is erroneous given that the board's cooperative fishery regulatory scheme is ultra vires. Moreover, the Alaska Supreme Court described it, as a "radical departure from the historical model of limited entry

---

5. *Grunert II* at p. 25.
6. *Grunert II* at pp. 26-27.
7. *Rutter v. State*, 668 P.2d 1343, 1349 (Alaska 1983)

fisheries in Alaska and the spirit of the Limited Entry Act." The regulations challenged in this case are quite different from any other commercial fisheries regulation adopted by the board.

The burden of establishing absolute immunity under § 1983 is on the individual asserting it. Trevino v. Gates, 23 F.3d 1480, 1482 (9th Circuit 1994). In this case the individuals asserting absolute immunity have not met their burden where it is clear that the members of the board in promulgating the cooperative fishery regulatory scheme were not acting in a field where they, as legislators, traditionally have the power to act. The issue of whether the members of the board were engaged in ad hoc decision making, affecting a few individuals, need not be considered to determine if the defendants in this case are entitled to legislative immunity. Where the actions of legislators are beyond the scope and in excess of their authority to act they are not entitled to absolute legislative immunity.

DATED at Soldotna, Alaska this 28th day of June 2006.

ROBINSON & ASSOCIATES
By:  s/ARTHUR S. ROBINSON
     Attorney for Plaintiffs
     3501 Kenai Spur Highway
     Soldotna, AK 99669
     Tel: (907) 262-9164
     Fax: (907) 262-7034
     Email: Office@robinsonandassociates.net
     ABA 0574026