DAVID M. MÁRQUEZ
ATTORNEY GENERAL

Lance B. Nelson
Steven A. Daugherty
Assistant Attorneys General
Office of the Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska  99501
Phone:  269-5232
Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL GRUNERT, MORI JONES, PAUL JOHNSON, ANDY SHANGIN, HARVEY KALMAKOFF, CLEMENT SHANGIN, MARVIN YAGI, JOHN JONES, FRANK GRUNERT, CLEMENS GRUNERT, ANDY STEPANOFF, ALEC BRANDAL, ERIC CARLSON, and AL ANDERSON,<br><br>        Plaintiffs,<br><br>  v.<br><br>MCKIE CAMPBELL, Commissioner of the Alaska Department of Fish and Game, in his individual capacity,<br><br>        Defendant. | Case No.  3:05-CV-00128 (TMB)<br><br>**OPPOSITION TO MOTION TO RECONSIDER DENIAL OF MOTION TO FILE SECOND AMENDED COMPLAINT** |

**I.   Introduction.**

Plaintiffs' motion for reconsideration of the Order denying their motion to file second amended complaint must be denied because Board of Fisheries members' "absolute legislative immunity" is not conditioned on the validity or legitimacy of the

legislative action in question.

**II.     Argument.**

Plaintiffs argue for reconsideration on the ground that the adoption of the Board's co-op regulations were not "legitimate" legislative activity because they were ultimately ruled to be beyond the statutory authority of the Board by the Alaska Supreme Court. They cite no case authority supporting this argument and choose to ignore contrary authority from federal courts.

In the case of *Figueroa-Sarrano v. Ramos-Alverio*,[1] the First Circuit Court of Appeals squarely addressed this issue. In that case, the plaintiffs claimed that "an illegal legislative act cannot be said to be a legitimate legislative action."[2] The court rejected the argument:

> There is no support in the case law for plaintiffs' claim that the legislative act must be "legitimate" for absolute immunity to apply…. When the Supreme Court stated in *Tenney v. Brandhove*, 341 U.S. 357, 376… (1951), that an act was protected by legislative immunity only if it occurred within the "sphere of legitimate legislative activity," it was referring to the nature of the act, (i.e., whether it is legislative rather than administrative), not to the legality or legitimacy of the act.[3]

The same point of clarification was made in the *Tenney v. Branhove*, the U.S. Supreme Court case cited in Figueroa-Sarrano, by Justice Black in a concurring opinion commenting upon the majority opinion: "It is not held that the validity of legislative

---

[1] 221 F. 3d 1 (1st Cir. 2000).
[2] *Id.* at 4.
[3] *Id.*

Opposition to Motion to Reconsider Denial of Motion to File Second Amended Complaint
*GRUNERT V. STATE,* 3:05-CV-00128 (TMB)                                           Page 2 of 4

action is coextensive with the personal immunity of the legislators."[4] At least one federal district court has also ruled that absolute legislative immunity "is unaffected by allegations of conspiracy, malice or improper purpose, or charges that the legislation itself is substantively or procedurally flawed."[5]

These rulings are grounded in common sense. Any grounds for liability from legislative action will almost certainly arise from legislation that is legally flawed or otherwise of questionable validity. If it did not cover legislation that turned out to be invalid, the immunity would be largely meaningless. Further, legislative immunity is designated as "absolute," which appears to rule out an immunity conditioned on questions outside of whether the action complained of is truly legislative in nature.

**III.   Conclusion.**

Defendant respectfully requests that the plaintiffs' motion for reconsideration be denied.

Dated this 10th day of July, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:   s/Lance B. Nelson
Assistant Attorney General
Alaska Bar No: 8310139
E-mail: lance_nelson@law.state.ak.us

---

[4] *341 U.S. at 379.*
[5] *Traweek v. City and Co. of San Francisco,* 659 F.Supp. 1012, 1030 (N.D. Cal. 1985) (citing *Tenny v. Brandhove,* 341 U.S. at 379.).

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/Steven A. Daugherty
Assistant Attorney General
Alaska Bar No: 9406032
E-mail: steven_daugherty@law.state.ak.us

Office of the Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska  99501
Phone:  (907) 269-5100
Fax: (907) 279-2834
Attorneys for the State of Alaska

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing document was served by:

| Electronic mail | Regular mail: |
|---|---|
| Arthur S. Robinson | Gregory F. Cook |
| Robinson & Associates | Law Office |
| 35401 Kenai Spur Hwy | P.O. Box 240618 |
| Soldotna, Alaska 99669 | Douglas, AK  99824 |
| Fax:  907-262-7034 | Fax:  907-463-5848 |

s/Lance B. Nelson
Assistant Attorney General
Alaska Bar No: 8310139
E-mail: lance_nelson@law.state.ak.us