9/13

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL GRUNERT; et al.,<br><br>    Plaintiffs - Appellants,<br><br>and<br><br>AL ANDERSON,<br><br>    Plaintiff,<br><br>V.<br><br>MCKIE CAMPBELL,<br><br>    Defendant - Appellee. | No. 06-35742<br><br>D.C. No. CV-05-00128-A-TMB<br><br>MEMORANDUM* |

RECEIVED
SEP 2 0 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 6, 2007**
Anchorage, Alaska

---

  *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

This suit arises from a cooperative fishing program promulgated by the Alaska Board of Fisheries ("the Board"). Michael Grunert ("Grunert"), a fisherman who did not participate in the program, successfully challenged it in the Alaska Supreme Court on grounds that it violated the state's Limited Entry Act. *See Grunert v. State,* 109 P.3d 924 (Alaska 2005) (challenging original program); *see also State v. Grunert*, 139 P.3d 1226 (Alaska 2006) (challenging subsequent amended program).

Grunert brought suit in the District Court of Alaska seeking declaratory and injunctive relief prohibiting future cooperative arrangements. Because the Alaska Supreme Court, in striking down the emergency regulation in *State v. Grunert*, held that the Board could not adopt another cooperative scheme without legislative approval, Grunert's claims for equitable relief became moot. He then moved to amend his complaint to add claims under 42 U.S.C. § 1983 against individual members of the Board. The District Court denied his motion on grounds that legislative immunity made these claims futile and entered judgment accordingly. We affirm.

Local legislators are "absolutely immune from suit under §1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). "[O]fficials

2

outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Id.* at 55. "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* at 54.

We analyze whether an act was legislative under the four-part test propounded in *Kaahumanu v. County of Maui*: "(1) whether the act involves ad hoc decisionmaking, or the formulation of policy; (2) whether the act applies to a few individuals or the public at large; (3) whether the act is formally legislative in character; and (4) whether it bears all the hallmarks of traditional legislation." 315 F.3d 1215, 1220 (9th Cir. 2003) (internal quotation marks omitted).

The cooperative fishing regulation meets all four *Kaahumanu* factors.

1. The Board considered the economic impact of the situation as a whole and created a policy for the entire district. Indeed, the Board exists only to promulgate policies, since it has no administrative power. *See* Alaska Stat. § 16.05.241 (2007). The Board could not make an ad hoc ruling because it has no power to rule on individual permits: that power is granted to the Commercial Fisheries Entry Commission. Alaska Stat. §16.43.100 (2007).

2. The regulation applied to all commercial fishermen in the Chignik area. The Board did not direct its regulation towards any particular individuals; since

3

participation was voluntary, the Board could not, in fact, have known to which individuals the cooperative program would apply.

3. The regulation was formally legislative; the regulation was adopted pursuant to a majority vote of members of the Board. *See* Alaska Stat. §16.05.320 (2007) ("A majority of the membership of the boards is required to carry all joint motions, regulations, and resolutions of the boards.").

4. The regulation bore traditional hallmarks of legislation. The Board itself exercised powers delegated to it by the State Legislature. Alaska Stat. § 16.05.221(a) (2007). The regulation was codified in Title 5 of the Alaska Administrative Code.

Because the actions of the Board were legislative, individual Board members have absolute legislative immunity.

Grunert's claim is independently barred by the Eleventh Amendment, a defense which "sufficiently partakes of the nature of a jurisdictional bar . . . that it need not be raised in the trial court." *Edelman v. Jordan*, 415 U.S. 651, 678 (1974).

42 U.S.C. §1983 creates liability for "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the

United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." State officials acting in their official capacities are not persons under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). However, state officials can be sued when acting in their individual capacities. *Hafer v. Melo,* 502 U.S. 21, 23 (1991). The distinction is "more than a mere pleading device." *Id.* at 27 (citing *Will,* 491 U.S. at 72). State officials are liable for "acts" taken under color of state law, but the Eleventh Amendment "prohibits damage actions against the 'official's office'–actions that are in reality suits against the state itself, rather than its individual officials." *Stivers v. Pierce,* 71 F.3d 732, 749 (9th Cir. 1995).

The members of the Board were initially sued in their official capacities. Grunert eventually reformulated his amended complaint to sue members of the Board in their individual capacities, but he has alleged no facts that relate to individual capacity–that is, he has treated individual capacity as a "mere pleading device." The heart of Grunert's claim is the passage of the cooperative regulation, but this was done only in the Board's official capacity pursuant to state law. Indeed, regulations cannot be promulgated by individual Board members, only by a majority of Board members **officially acting as the Board**. Alaska Stat.

§16.05.320 (2007). Here, the official action–the vote–is the same as the alleged individual action.

The proposed amended complaint is therefore a suit against the state barred by the Eleventh Amendment.

In sum, we affirm on two independent grounds: either the promulgation of the cooperative program was legislative, in which case *Kaahumanu* governs and the Board is immune, or Grunert's suit lies against the state itself and is barred by the Eleventh Amendment.

The district court properly denied Grunert's motion and entered judgment which we affirm.

**AFFIRMED**

Signature Redacted

```
INTERNAL USE ONLY: Proceedings include all events.
06-35742 Grunert, et al v. Campbell
```

| | |
|---|---|
| MICHAEL GRUNERT<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>907-262-9164<br>[COR LD NTC ret]<br>ROBINSON, BEISWENGER AND EHRHARDT<br>35401 Kenai Spur Highway<br>Soldotna, AK 99669 |
| MORI JONES<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| PAUL JOHNSON<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| ANDY SHANGIN<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| HARVEY KALMAKOFF<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| CLEMENT SHANGIN<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| MARVIN YAGI<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| JOHN JONES<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| FRANK GRUNERT<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| ANDY STEPANOFF<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| ALEC BRANDAL<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| ERIC CARLSON<br>    Plaintiff - Appellant | Arthur S. Robinson, Esq.<br>(See above)<br>[COR LD NTC ret] |
| AL ANDERSON<br>    Plaintiff | Arthur S. Robinson, Esq.<br>(See above) |

```
INTERNAL USE ONLY: Proceedings include all events.
06-35742 Grunert, et al v. Campbell
                              [COR LD ret]

CLEMENS GRUNERT              Arthur S. Robinson, Esq.
     Plaintiff - Appellant   (See above)
                             [COR LD NTC ret]


     v.


MCKIE CAMPBELL               Lance B. Nelson, dag
     Defendant - Appellee    907-269-5100
                             Suite 200
                             [COR LD NTC dag]
                             AGAK - OFFICE OF THE ALASKA
                             ATTORNEY GENERAL (ANCHORAGE)
                             1031 W. Fourth Ave.
                             Anchorage, AK 99501
```